**Mary Ann BRUNN, Plaintiff,**

v.

**CITY OF CLEVELAND, Defendant.**

**No. C81–1728.**

United States District Court,
N. D. Ohio, E. D.

Nov. 19, 1981.

---

Gordon Beggs, American Civil Liberties Union, Gail E. Sindell, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio for plaintiff.

Thomas E. Wagner, Director of Law, Marilyn G. Zack, Chief Asst. Director of Law, Cleveland, Ohio, for defendant.

## MEMORANDUM and ORDER

BEN C. GREEN, Senior District Judge:

Plaintiff Mary Ann Brunn was suspended for five days from her job in the utilities office of the City of Cleveland. She denies wrongdoing and brings this lawsuit pursuant to 42 U.S.C. § 1983 to recover back pay lost because of the suspension. As a repre-

sentative of a class she purports to represent, she also seeks an injunction against the practices which led to her suspension.

The City of Cleveland has moved to dismiss the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, claiming that no cause of action is stated. Because this matter is considered on a motion to dismiss, the allegations of the complaint will be considered to be true. *Miree v. DeKalb County*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977).

Plaintiff is a customer service representative in the City's utilities office, where she has worked since April, 1973.

On May 16, 1980, plaintiff became involved in a dispute with some of her coworkers. She was immediately suspended. On May 22, plaintiff received a letter from the City informing her that she was suspended for five days because she, a white, had directed a racial slur toward a black employee in the department. Plaintiff alleges the black worker was not disciplined.

Plaintiff complains that she was not provided with any opportunity to contest the charges which led to her suspension. She also complains that a copy of the letter of suspension had been sent to numerous persons who were not entitled to receive it, and that she therefore has been "stigmatized." Plaintiff seeks a judgment she was denied a liberty interest without due process because of the "stigma," and that she was denied property in the form of wages because she was suspended without due process. For herself, plaintiff seeks payment of the wages she lost during the suspension and removal of the letter of suspension from her personnel file. For the class of classified Cleveland employees she purports to represent, plaintiff seeks an injunction prohibiting any suspension unless via due process.

The City's motion to dismiss first asserts that plaintiff has failed to allege that the charges against her were false, and thus fails to state a claim with regard to any "stigma" which she may have suffered. Second, the City claims that plaintiff has no constitutionally protected interest in employment without suspension which is cognizable pursuant to 42 U.S.C. § 1983.

Plaintiff apparently concedes the first of the City's assertions, and has moved for leave to file an amended complaint. The proffered amended complaint would meet the City's objections by alleging that the charges which led to plaintiff's suspension were false. The motion for leave to amend is granted, and the first of the City's claims is moot. The City may answer or, if it wishes, renew its motion to dismiss the "stigma" claim within twenty days of entry of this order.

■ The City's second claim is that plaintiff has no Constitutionally protected interest which would bar a summary suspension of employment without opportunity for a hearing or appeal. The City contends that since plaintiff has not alleged that her interest in that regard is established by state law, *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the complaint fails to state a claim upon which relief can be granted.

This contention is without merit. Paragraph 30 of the complaint reads:

> Defendant has deprived plaintiff of her property right in her tenured Civil Service employment by suspending her without a hearing, in violation of 42 U.S.C. § 1983.

Such an allegation sufficiently claims a property interest guaranteed by state law. And state law apparently grants such an interest.

Section 128(1) of the Charter of the City of Cleveland requires the Civil Service Commission to adopt regulations providing for "suspension [of civil service employees], by the appointing authority, for purposes of discipline." Section 9.10 of the Civil Service Rules of the City of Cleveland provides that an "officer or employee in the classified service may be ... suspended ... for ... cause."

■ Because of these clauses, plaintiff is not employed merely at the will of her

employer, as in *Board of Regents v. Roth,* *supra,* but rather has a legitimate expectancy that she will not be suspended from her employment except "for purposes of discipline" or "for cause."

The courts of Ohio have recognized that a property interest exists in uninterrupted employment under analogous state statutes. *Boals v. Jackson,* No. 79AP–203, Court of Appeals for Franklin County, decision of January 8, 1980, motion to certify record overruled by Ohio Supreme Court April 3, 1980; *Appeal of Sargeant,* 49 Ohio Misc. 36, 360 N.E.2d 761 (1976).

The Court thus finds that plaintiff has a state-law based property interest in her tenured public employment which may not be interrupted by suspension or otherwise unless via due process.

The final question to be considered in resolving the motion to dismiss is the process which was due plaintiff and whether she was afforded such process.

 It seems well settled that concepts of due process must necessarily remain flexible to allow for the infinite variety of contexts in which governmental officials make decisions. *Board of Curators v. Horowitz,* 435 U.S. 78, 85–6, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978).

 At a minimum, however, due process means that a person whose rights may be affected by a governmental decision about him must have notice and opportunity to be heard. In the context of a decision on whether to suspend a student from school, due process requires, at a minimum, that the student be confronted with the accusation against him, the grounds for the accusation, and be given the opportunity to explain his version of the facts in an "informal give and take." *Board of Curators v. Horowitz,* at 435 U.S. 86, 98 S.Ct. 948; *Goss v. Lopez,* 419 U.S. 565; 95 S.Ct. 729, 42 L.Ed.2d 725 (1975).

 A tenured public employee facing the loss of a week's pay can certainly be entitled to no less process than a schoolboy facing a few days' suspension from school.

The complaint alleges that plaintiff was summarily suspended from her employment without any hearing. It alleges that not until several days after the suspension was she confronted with the accusation against her. The complaint alleges that plaintiff was not given any opportunity to question or challenge the charges against her.

If these allegations are true, plaintiff was suspended from her employment without due process. She has thus stated a claim of deprivation of property rights without due process, and the motion to dismiss that claim is denied.

In summary, the motion for leave to file an amended complaint is granted. The motion to dismiss the claim of deprivation of liberty interests is denied as moot. The motion to dismiss the claim of deprivation of property interests is denied.

The City may move or plead to the amended complaint within twenty days of entry of this order.

IT IS SO ORDERED.